Battle, J.
 

 The plaintiffs, if they ever were entitled to the legacies which they claim, are not barred
 
 bjt he lapse
 
 of time, because the fund out of which they are to be paid, could not be ascertained until the adjustment of the debt due John C. Blum, Clerk and Master, against the estate of the testator and others, in the year 1846 or 1847.
 

 All the reasonable and proper expenses incurred by the executor, in defending the suit brought to recover that debt, ought to be allowed, if, upon enquiry, it should be found that any defence ought to have been made at alL The only question then, presented for our determination, is, whether, upon a proper construction of the will of the testator, the
 
 feme
 
 plaintiffs were, at his death, or when they respectively came of age, (if they were not so at the time of his death,) entitled to any share of the fund which he had specifically appropriated, first, to the support, maintenance and education of his children, and then to bo equally divided among them “ at their coming of lawful ago ?” At the time when the will was written and published, the children were all young, and stood in need of what was thus provided for them. But being of different ages, had their father then died, they would each have required a- different amount to be expended upon him or her, for the purposes mentioned, until he or she should reach the ago of maturity. In that respect, perfect equality could not well be attained, and the testator did not attempt it. In the events which happened,
 
 *47
 
 the testator lived nine years after the date of his will, and • his daughters had completed their education, and one of them had married a short time before, and the other married just after his death. The sons had also, during that period of nine years, been supported by their father, and partially educated at his expense; but, as their education was not then finished, they now contend that they were entitled to the whole fund, to the exclusion of their sisters.
 

 Their claim is not, we think, supported by a fair and just interpretation of the will. The fund was given for two purposes; one, for the support and education of all the children, and the other, for their better advancement in life after arriving at age. The latter purpose was as much in the contemplation of the testator as the former, and there is no condition or proviso -in the will by which, if the former should be rendered unnecessary, as to any one or more of the children, the latter should fail also. The division was to be equal, without any regard to inequalities in previous expenditures for maintenance and education. The share of each female plaintiff was, as we think, to be assigned when she came of age, because that was 'the time when it would be needed for the second purpose above mentioned, and no other time is fixed upon in the will. That such was the intention of the testator, as to the time of division, may be inferred also, from the last clause of the will, where the residuary fund is given, on nearly the same terms, to be equally divided among all the children by name, and no plausible reason can be assigned why each should not have his or her share, as he or she should arrive at full age.. The main difficulty in the way of this construction arises from the smallness of the fund, and its insufficiency of accomplishing the purpose of supporting and educating all the children ; but 'we do not know what it would have been had the testator died soon after the making of Ms will, and his
 
 intention,
 
 which is to govern the construction, cannot be held to
 
 *48
 
 change with the varying state of his affairs. The construction contended for by the defendants, too, would defeat entirely one purpose of the bequest to the
 
 feme
 
 plaintiffs, and would operate unequally among the defendants them-: .selves; each, as he came of age, losing all interest in the fund, until the youngest should arrive at-that period; or had elder sons been supported and educated altogether out of that fund, it would have been exhausted before the young-* est could receive his portion of it, This would net be either reasonable or just, and the postponement of the division until the youngest child shall come of age, is admissible .only when expressly required by the words of the will, as in the case of Cwyther v. Taylor, 3 Ired. Eq. Rep. 323,
 

 In the case of Armstrong v, Baker,
 
 6
 
 Ired. Eq. 553, where a testator devised as follows: “ It is my will and de.-•sire, that my whole estate, real and personal, except such as may be necessary t.o dispose of to pay my just .debts, to remain together as joint stock of my beloved wife and children, and my farm continued under the management of my executor for their support •and education, and that each one, if a son, shall receive his distributive share, when he arrives at the age of twenty-one
 
 ■;
 
 and if a daughter, when she arrives at the same age, or marries, always reserving my house lot, as a residence for my infant children, and my beloved wife, dining her natural life, or widowhood,’'’ It was held, that npon the marriage of the widow, during the non-age of the children, she was em titled to .a share., and to have it withdrawn from the joint stock. B.ut subsequently, upon the death of one of the infant children, that his .administrator had no right fo withdraw the share of such .child, nor a rateable part of the profits, .until he would, had he lived, have attained the age .of twenty-one years, Petway v. Baker, Bus, Rep, 268.
 

 Our conclusion, then., is., that ,the female plaintiffs were (entitled t.p their respective .sharps ef .the fund in '<pie.stion
 
 *49
 
 at the death of their father, if they were then of full age, •or as they respectively .came of age afterwards if they were not then of full age* They are entitled to an account for the purpose of ascertaining the amount of the fund, in the taking of whieh the executor is to he allowed the sum he paid on the debt to John C, Blum, and the reasonable charges and expenses incurred in the defence .of the suit brought to recover the said debt, if such defence ought to have been made; — as to which the plaintiffs may have an inquiry if they desire it. -The cause will be retained for further directions upon the coming in of the report.
 

 Decree accordingly.